UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUSAN GURSAHAI,

Plaintiff,

-against-

ICAHN SCHOOL OF MEDICINE AT MOUNT SINAI, ERIC J. NESTLER, LIDIJA IVIC, and BARBARA G. VICKREY,

Defendants.

25-cv-5111 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

This is another case filed against the Icahn School of Medicine and its employees, relating to the termination of Giulio Pasinetti. *See Pasinetti v. Icahn School of Medicine at Mount Sinai*, 2026 WL 866442 (S.D.N.Y. March 30, 2026). The motion to dismiss is GRANTED.

In this iteration, Susan Gursahai apparently was terminated from her position with Icahn. Gursahai alleges that her termination conflicts with a contract that she allegedly was a party to, involving the Department of Veterans Affairs ("VA") and Icahn ("VA Contract"). She brings two federal constitutional claims against the defendants, and three state-law causes of action. The complaint doesn't allege that the parties are diverse, so jurisdiction is premised on 28 U.S.C. § 1331 (federal question) for the federal claims, and 28 U.S.C. § 1367 (supplemental jurisdiction) for the state claims.

As to the federal claims, the first is based on an alleged due-process violation regarding the VA Contract. The theory seems to be that by terminating Gursahai, the defendants—while they themselves are private actors—frustrated the VA Contract, so somehow they can be sued for violating Gursahai's due process rights. It's not clear what the legal basis of this claim is exactly, but without some basis to hold the defendants accountable on a due-process theory, the claim must be dismissed.

In their motion to dismiss, defendants provide potent reasons why they are purely private actors, and they deny that they can qualify as state actors under any version of the legal standard. *See* Dkt. 25 at 8–10. To state a claim of liability under 42 U.S.C. § 1983 against a private entity, "the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002). The complaint here alleges no such facts. As Gursahai notes, the VA Contract does involve a *governmental* entity: the VA. But Gursahai wasn't employed by the VA, didn't sue the VA, and the VA is a federal department, not a state actor. She never explains why the defendants can be sued in this case on this theory.

That's not to say that Gursahai might not have some conventional state-law claim to bring against the defendants. The basic theory of the case seems to be that Gursahai's employment wasn't really at-will, but rather was for a guaranteed contractual term or subject to other requirements. But there is no viable federal claim evident from the complaint or Gursahai's cursory briefing.

The same basis for dismissal applies to Gursahai's First Amendment retaliation claim. She fails to explain how the defendants can be sued as governmental actors, so the claim is dismissed. Once again, Gursahai might have a state claim that she was improperly fired from her position. But having failed to respond to defendants' contentions in any meaningful sense, she doesn't have redress against these private defendants for an alleged violation of her federal constitutional rights.

Given the dismissal of the federal claims,[1] the question is whether the Court should decline to exercise jurisdiction as to the pendant state claims pursuant to 28 U.S.C. § 1367(c)(3). The answer is plainly yes. "In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) (quoting *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998)). "That said, a district court does not abuse its discretion where the values of judicial economy, convenience, fairness, and comity support the exercise." *Id.* (internal quotation marks omitted). Such principles do not support the exercise of jurisdiction here. The parties have invested no resources in this case, the case is at the pleadings stage, and the viability of Gursahai's New York law claims should be addressed by New York courts.

For these reasons, the motion to dismiss is GRANTED as to the federal claims with prejudice, and the Court declines to exercise jurisdiction over the state claims. Those claims are DISMISSED without prejudice.

The Clerk of the Court is respectfully directed to close Dkt. 24.

SO ORDERED.

Dated: September 29, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge

[1] Gursahai also makes the passing allegation in the introduction of her Complaint that "Defendants have violated the Plaintiff's right to make and maintain contracts in violation of 42 U.S.C. § 1981." Dkt. 1 at 1. Section 1981 "affords a federal remedy against discrimination in private employment on the basis of race." *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 460 (1975). The Complaint makes no attempt to plead facts that would support a claim of discrimination under Section 1981, nor does Gursahai ever ask for relief under Section 1981.